NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE STEPHEN J. GOUGH**

---

2011-1343

(Serial No. 07/683,484)

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

Decided:  December 9, 2011

---

STEPHEN J. GOUGH, of Avon, New Jersey, pro se.

RAYMOND T. CHEN, Solicitor, United States Patent and Trademark Office, of Washington, DC, for appellee. With him on the brief were AMY J. NELSON, Associate Solicitor, and THOMAS W. KRAUSE, Associate Solicitor.

---

Before PROST, CLEVENGER, and REYNA, *Circuit Judges*.

PER CURIAM.

Stephen J. Gough appeals the decision of the United States Patent and Trademark Office, Board of Patent Appeals and Interferences ("Board") affirming the rejection of all claims of U.S. Patent Application No. 07/683,484 ("'484 application") as either obvious or anticipated under 35 U.S.C. §§ 102(e) and 103(a). Because the Board correctly determined that the claims would have been obvious to one of ordinary skill in the art, we *affirm*.

## I. BACKGROUND

The '484 application discloses and claims brackets for attaching bicycle wheels to various structures, such as carts or wagons; a method for attaching such brackets to vehicle structures; and vehicle structures having such mounted brackets. In describing the alleged advance of the disclosed invention over the prior art, the specification for the '484 application explains:

> Wheel mounting brackets are not new, nor are carts, wagons and wheelbarrows. However, wheel mounting is a secondary problem in vehicle construction, and it is surpassed in importance by the problem of wheel construction. The worldwide availability of common bicycle wheels makes this invention a universal solution to the problem of wheel construction, in the art of small homemade vehicles. . . . No prior wheel mounting bracket facilitated the simple detachable mounting of various common bicycle wheels of various different sizes on a wide variety of vehicle structures and frames!

Appellee's Br. and Separate App. 224.

The '484 application generally claims a bracket for mounting bicycle wheels to carts or other vehicles, the bracket comprising (1) a "means for securely attaching" the bracket to the frame of the vehicle; and (2) a "means for securely attaching" common bicycle wheels between the two brackets. The specification discloses a bracket having screws and screw holes for attaching the bracket to the vehicle frame and a U-shaped slot for receiving the axle of a bicycle wheel. *Id*. at 232-33.

Independent claims 168 and 183 are representative of the claimed subject matter. Claim 168 recites:

168.    Identical industrially and commercially mass-produced brackets for mounting vehicle wheels having individual independent axles, comprising:

   a) simple, versatile, identical means for securely attaching pairs of said brackets to parallel longitudinal frame members of various different vehicles, and typically to frame members made of wood or common structural lumber,

   b) simple, versatile, identical means for securely mounting all common bicycle wheels in between two separate identical said brackets, that enable the wheels to be detachable and interchangeable without removing said brackets from said vehicles and without partially dismantling the vehicle frames, and whereby, in combination with said means for securely attaching, the same identical said brackets effec-

tively are standardized and made universal and applicable worldwide for simple versatile secure mounting of all common bicycle wheels on widely diverse small vehicles, including carts, wagons and wheelbarrows, and especially homemade vehicles without need for an industrial or commercial vehicle manufacturing operation.

Independent claim 183 recites:

183. A vehicle structure or frame having paired, identical industrially and commercially mass-produced brackets for mounting wheels with individual independent axles, comprising:

a) identical holes and identical surfaces on said brackets that would facilitate simple, versatile and secure attachment in various positions on various, different, flat wooden frame members,

b) open-ended slots in said brackets, in which and in between two separate identical said brackets all common bicycle wheels can be mounted securely provided that there are proper spaces for the wheels in said vehicle structure or frame, and that enable the wheels to be detachable and interchangeable without removing said brackets from the vehicle and without partially dismantling said vehicle structure or frame, and whereby, in com-

bination with the holes and surfaces for attachment, the same identical said brackets in effect are standardized or made universal and applicable worldwide for simple versatile secure mounting of all common bicycle wheels in the construction of widely diverse small vehicles, including carts, wagons and wheelbarrows, and especially even homemade vehicles without need for a commercial or industrial vehicle manufacturing operation[,]

c) paired parallel longitudinal frame members, typically wooden and most typically made of common structural lumber, having corresponding parallel flat areas or surfaces,

d) a pair or pairs of said brackets, each said bracket directly attached to said flat areas or surfaces.

In the most recent Final Office Action, the examiner rejected some of the claims as anticipated by U.S. Patent No. 4,957,306 issued to Greenberg ("Greenberg") and all of the claims as obvious over either Greenberg alone or Greenberg in view of the Dennis Burkholder article ("Burkholder"). The Board affirmed, *Ex parte Gough*, Appeal No. 09-12282 (B.P.A.I. Sept. 24, 2010) ("*Decision*"),[1] and Mr. Gough has appealed.

---

[1] On rehearing, the Board modified its opinion to revise the grouping of claims but did not substantively alter its reasons for affirming the examiner's rejections.

## II DISCUSSION

We have jurisdiction based on 28 U.S.C. § 1295(a)(4)(A). In reviewing the Board's decision, we address its legal determinations de novo (i.e., without deference to the Board) but do not disturb the Board's underlying fact-findings as long as they are supported by substantial evidence. *In re Lister*, 583 F.3d 1307, 1311 (Fed. Cir. 2009). Because we agree with the Board that all the claims of the '484 application are obvious under 35 U.S.C. § 103(a) based on either Greenberg alone or Greenberg in combination with Burkholder, we do not reach the Board's anticipation findings.

Under 35 U.S.C. § 103(a), a patent may not issue "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). Obviousness is ultimately a question of law based on several underlying factual inquiries, including the scope of the prior art, the level of ordinary skill in the art, the differences between the claimed invention and the prior art, and certain secondary considerations. *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966); *In re Klein*, 647 F.3d 1343, 1347 (Fed. Cir. 2011).

In this case, the Board affirmed the examiner's rejection of claims 168-171 and 173-187 of the '484 application (all claims except claim 172) as obvious over the teachings of Burkholder in view of Greenberg. Both Burkholder and Greenberg disclose carts with brackets attached to the cart frame to permit mounting of bicycle wheels to the cart. Specifically, Greenberg teaches a cart with a bracket for easily mounting and demounting a bicycle

wheel to the cart. The disclosed bracket not only contains mounting plates and screw holes for attaching the bracket to the frame of the vehicle but also includes open-ended, inverted V-shaped slots for securely mounting standard bicycle wheels. Greenberg fig.3, col.3 ll.5-21.

Burkholder similarly discloses a garden cart made of wood that includes bicycle wheels. The cart uses a pair of brackets, i.e., "axle supports," with screw holes that are secured to the inside and outside fender wells and cart side to attach bicycle wheels to the cart. Although the brackets in Burkholder do not have an open-ended slot, the Board agreed with the examiner that replacing the brackets of Burkholder with the brackets taught by Greenberg would have been obvious to a person of ordinary skill: "[T]he ease of assembly associated with the open-ended slot of Greenberg would have provided one of ordinary skill in the art with an apparent reason to modify Burkholder's axle support structure to incorporate such a construction, as taught by Greenberg." *Decision*, slip op. at 13.

On appeal, Mr. Gough argues that the Board failed to establish a logical nexus between these prior art references and the following elements of his invention: (1) a standard simple vehicle frame design for constructing various diverse vehicles; (2) construction of carts and wagons with common structural lumber; (3) an 11 millimeter slot width to receive and securely mount all common bicycle wheels; and (4) a mass-produced wheelmount (i.e., a bracket). Additionally, Mr. Gough contends that certain "claim elements that describe or specify size or material" are not obvious because they "significantly contribute to the utility of the invention and help define and distinguish it from the prior art."

We conclude that all of these identified features would have been obvious to one of ordinary skill based on the teachings of Greenberg and Burkholder. First, the Board found that the mounting plates disclosed in Greenberg allow for attachment of the bracket to various types of vehicle frames and that Greenberg's V-shaped slots permit mounting of all common bicycle wheels. *Decision*, slip op. at 4-5. Second, both Greenberg and Burkholder disclose vehicles made from wood or structural lumber. Third, the Board noted that, according to the '484 application, the axles of common bicycle wheels range in size from 8 to 10 millimeters. Based on this range, the Board determined that Greenberg's teaching of a V-shaped slot having a variable width suggested to one of ordinary skill a slot width range encompassing 11 millimeters as recited in claims 170, 174, and 185 of the '484 application. *Decision*, slip op. at 5. Fourth, the Board recognized that the mass-production of parts was a well-known practice and thus concluded that one of ordinary skill "would have immediately recognized the susceptibility of Greenberg's structure, including the brackets, to mass-production." *Id.* at 9. Finally, based on the nature of the invention and the teachings of Greenberg and Burkholder, we agree with the Board that the minor design variations recited in the dependent claims, such as the use of large diameter bicycle wheels, would have been obvious to a person of ordinary skill.

Mr. Gough also argues that the Board improperly refused to consider his evidence of secondary considerations in concluding that claims 168-171 and 173-187 were obvious. We disagree. First, according to Mr. Gough, his invention provided unexpected results over the prior art, including simplicity, versatility, and interchangeability of the bicycle wheels. As evidence of these purported unexpected results, Mr. Gough submitted letters from repre-

sentatives of the Food and Agriculture Organization of the United Nations and the Trinidad and Tobago Mission to the United Nations. The Board, however, rightly concluded that these letters only indicate that the brackets would be tested at trials and evaluated for their performance; they do not demonstrate unexpected results.

Second, Mr. Gough contends that his 37 C.F.R. § 1.132 declaration is evidence of a long-felt need for his invention. In his declaration, Mr. Gough states that "[l]ong-standing need for a simple, easy way to mount ubiquitous bicycle wheels on non-bicycle vehicles is self-evident and a fact subject to judicial notice." The Board discounted the declaration, explaining that it did not address whether one of ordinary skill recognized a need for, and tried unsuccessfully to develop, an easy way to attach common bicycle wheels to small vehicles. *Decision*, slip op. at 10. We agree with the Board that the conclusory statements in Mr. Gough's declaration are not evidence of a long-felt need for his invention.

The Board additionally affirmed the examiner's rejection of claims 169-176 and 185-187 as obvious based only on the Greenberg reference. Because all of these claims except claim 172 also were rejected as obvious based on the combination of Greenberg and Burkholder discussed above, we focus on the rejection of claim 172. Claim 172 recites: "The brackets of claim 168 further including[] a right-angle bend parallel with one edge of the bracket, or a rolled edge or rolled edges." The examiner rejected claim 172 in light of Greenberg, explaining that the brackets in Greenberg contained a right-angled bend. The Board affirmed.

On appeal, Mr. Gough has not advanced any separate arguments regarding obviousness based on Greenberg

alone nor has he specifically addressed claim 172 or the right-angle bend limitation.  Assuming that Mr. Gough intends to rely on the same non-obviousness arguments we have discussed above, we conclude that the Board did not err in affirming the examiner's obviousness rejection based on Greenberg's teaching of a bracket with a right-angle bend.

We have considered Mr. Gough's remaining arguments and find that they similarly lack merit.  For the above reasons, the decision of the Board is affirmed.

Costs

Each party shall bear its own costs.

**AFFIRMED**